1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: service@moorelawfirm.com

5  Attorneys for Plaintiff
   Gerardo Hernandez
6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11  GERARDO HERNANDEZ,                    ) No.
                                          )
12              Plaintiff,                ) **COMPLAINT ASSERTING DENIAL OF**
                                          ) **RIGHT OF ACCESS UNDER THE**
13          vs.                           ) **AMERICANS WITH DISABILITIES ACT**
                                          ) **FOR INJUNCTIVE RELIEF, DAMAGES,**
14  BAJA CACTUS MILPITAS, INC. dba BAJA   ) **ATTORNEYS' FEES AND COSTS (ADA)**
    CACTUS; JOHANNA HOLLAND, as           )
15  Successor Trustee of the HOLLAND      )
    FAMILY SUB-TRUST, U.D.T. DATED June   )
16  7, 1996, and as Successor Trustee of the )
    HOLLAND SURVIVOR'S SUB-TRUST,         )
17  U.D.T. DATED June 7, 1996,            )
                                          )
18                                        )
                                          )
19              Defendants.               )
                                          )
20                                        )
    _____)
21

22                          **I. SUMMARY**

23          1.      This is a civil rights action by plaintiff GERARDO HERNANDEZ ("Plaintiff")

24  for discrimination at the building, structure, facility, complex, property, land, development,

25  and/or surrounding business complex known as:

26              Baja Cactus
                338 S. Main Street
27              Milpitas California 95035
                (hereafter "the Facility")
28


*Hernandez v. Baja Cactus Milpitas, Inc., et al.*
Complaint
                              Page 1

1    2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

2 costs, against BAJA CACTUS MILPITAS, INC. dba BAJA CACTUS; and JOHANNA

3 HOLLAND, as Successor Trustee of the HOLLAND FAMILY SUB-TRUST, U.D.T. DATED

4 June 7, 1996, and as Successor Trustee of the HOLLAND SURVIVOR'S SUB-TRUST,

5 U.D.T. DATED June 7, 1996 (hereinafter collectively referred to as "Defendants"), pursuant to

6 Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA")

7 and related California statutes.

8                           **II.    JURISDICTION**

9    3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

10 claims.

11    4.    Supplemental jurisdiction for claims brought under parallel California law –

12 arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

13    5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

14                            **III.    VENUE**

15    6.    All actions complained of herein take place within the jurisdiction of the United

16 States District Court, Northern District of California, and venue is invoked pursuant to 28

17 U.S.C. § 1391(b), (c).

18                            **IV.    PARTIES**

19    7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or

20 persons), firm, and/or corporation.

21    8.    Plaintiff is substantially limited in his ability to walk, and must use a wheelchair

22 for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable

23 California and United States laws, and a member of the public whose rights are protected by

24 these laws.

25                            **V.    FACTS**

26    9.    The Facility is open to the public, intended for non-residential use, and its

27 operation affects commerce. The Facility is therefore a public accommodation as defined by

28 applicable state and federal laws.

*Hernandez v. Baja Cactus Milpitas, Inc., et al.*
Complaint

1      10.     Plaintiff lives less than twenty miles from the Facility and visited the Facility on

2   or about May 4, 2019 to have lunch. During his visit to the Facility, Plaintiff encountered the

3   following barriers (both physical and intangible) that interfered with, if not outright denied,

4   Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered

5   at the Facility:

6           a)      Plaintiff could not locate any designated accessible parking. He had to

7                   park in a standard stall which lacked an access aisle, and it was hard for

8                   him to unload because there was another car parked next to his vehicle.

9           b)      The table where Plaintiff was seated was uncomfortable for him because

10                  it lacked sufficient knee clearances to accommodate his wheelchair.

11          c)      The tables positioned in the middle of the restaurant made the route of

12                  travel through the dining area narrow. Plaintiff had difficulty traveling to

13                  the bathroom due to the lack of sufficient clear width for his wheelchair

14                  to pass through.

15      11.     The barriers identified in paragraph 10 herein are only those that Plaintiff

16   personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist

17   at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once

18   such additional barriers are identified as it is Plaintiff's intention to have all barriers which

19   exist at the Facility and relate to his disabilities removed to afford him full and equal access.

20      12.     Plaintiff was, and continues to be, deterred from visiting the Facility because

21   Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

22   accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

23   Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

24   once the barriers are removed.

25      13.     Defendants knew, or should have known, that these elements and areas of the

26   Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

27   the physically disabled. Moreover, Defendants have the financial resources to remove these

28   barriers from the Facility (without much difficulty or expense), and make the Facility

*Hernandez v. Baja Cactus Milpitas, Inc., et al.*
Complaint

1   accessible to the physically disabled. To date, however, Defendants refuse to either remove

2   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

3         14.    At all relevant times, Defendants have possessed and enjoyed sufficient control

4   and authority to modify the Facility to remove impediments to wheelchair access and to

5   comply with the 1991 ADA Accessibility Guidelines and/or the 2010 ADA Standards for

6   Accessible Design. Defendants have not removed such impediments and have not modified the

7   Facility to conform to accessibility standards. Defendants have intentionally maintained the

8   Facility in its current condition and have intentionally refrained from altering the Facility so

9   that it complies with the accessibility standards.

10         15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is

11   so obvious as to establish Defendants' discriminatory intent. On information and belief,

12   Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

13   to relevant building standards; disregard for the building plans and permits issued for the

14   Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the

15   Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

16   property continues to exist in its non-compliant state. Plaintiff further alleges, on information

17   and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

18   Facility are not isolated or temporary interruptions in access due to maintenance or repairs.

19   **VI.   FIRST CLAIM**

20   **Americans with Disabilities Act of 1990**

21   Denial of "Full and Equal" Enjoyment and Use

22         16.    Plaintiff re-pleads and incorporates by reference the allegations contained in

23   each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

24         17.    Title III of the ADA holds as a "general rule" that no individual shall be

25   discriminated against on the basis of disability in the full and equal enjoyment (or use) of

26   goods, services, facilities, privileges, and accommodations offered by any person who owns,

27   operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

28   ///

*Hernandez v. Baja Cactus Milpitas, Inc., et al.*
Complaint
Page 4

1    18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

2  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

3  Facility during each visit and each incident of deterrence.

4    Failure to Remove Architectural Barriers in an Existing Facility

5    19.    The ADA specifically prohibits failing to remove architectural barriers, which

6  are structural in nature, in existing facilities where such removal is readily achievable. 42

7  U.S.C. § 12182(b)(2)(A)(iv).

8    20.    When an entity can demonstrate that removal of a barrier is not readily

9  achievable, a failure to make goods, services, facilities, or accommodations available through

10  alternative methods is also specifically prohibited if these methods are readily achievable. Id.

11  § 12182(b)(2)(A)(v).

12    21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

13  barriers at the Facility without much difficulty or expense, and that Defendants violated the

14  ADA by failing to remove those barriers, when it was readily achievable to do so.

15    22.    In the alternative, if it was not "readily achievable" for Defendants to remove

16  the Facility's barriers, then Defendants violated the ADA by failing to make the required

17  services available through alternative methods, which are readily achievable.

18    Failure to Design and Construct an Accessible Facility

19    23.    Plaintiff alleges on information and belief that the Facility was designed and

20  constructed (or both) after January 26, 1993 – independently triggering access requirements

21  under Title III of the ADA.

22    24.    The ADA also prohibits designing and constructing facilities for first occupancy

23  after January 26, 1993, that aren't readily accessible to, and usable by, individuals with

24  disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25    25.    Here, Defendants violated the ADA by designing and constructing (or both) the

26  Facility in a manner that was not readily accessible to the physically disabled public –

27

28

*Hernandez v. Baja Cactus Milpitas, Inc., et al.*
Complaint

1  including Plaintiff – when it was structurally practical to do so.[1]

2  <u>Failure to Make an Altered Facility Accessible</u>

3      26.    Plaintiff alleges on information and belief that the Facility was modified after

4  January 26, 1993, independently triggering access requirements under the ADA.

5      27.    The ADA also requires that facilities altered in a manner that affects (or could

6  affect) its usability must be made readily accessible to individuals with disabilities to the

7  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's

8  primary function also requires making the paths of travel, bathrooms, telephones, and drinking

9  fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

10      28.    Here, Defendants altered the Facility in a manner that violated the ADA and

11  was not readily accessible to the physically disabled public – including Plaintiff – to the

12  maximum extent feasible.

13  <u>Failure to Modify Existing Policies and Procedures</u>

14      29.    The ADA also requires reasonable modifications in policies, practices, or

15  procedures, when necessary to afford such goods, services, facilities, or accommodations to

16  individuals with disabilities, unless the entity can demonstrate that making such modifications

17  would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

18      30.    Here, Defendants violated the ADA by failing to make reasonable modifications

19  in policies, practices, or procedures at the Facility, when these modifications were necessary to

20  afford (and would not fundamentally alter the nature of) these goods, services, facilities, or

21  accommodations.

22  <u>Failure to Maintain Accessible Features</u>

23      31.    Defendants additionally violated the ADA by failing to maintain in operable

24  working condition those features of the Facility that are required to be readily accessible to and

25  usable by persons with disabilities.

26      32.    Such failure by Defendants to maintain the Facility in an accessible condition

27  was not an isolated or temporary interruption in service or access due to maintenance or

28

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Hernandez v. Baja Cactus Milpitas, Inc., et al.*
Complaint

1    repairs.

2        33.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney

3    fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

4                                **VII.    SECOND CLAIM**

5                                **Unruh Act**

6        34.    Plaintiff re-pleads and incorporates by reference the allegations contained in

7    each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

8        35.    California Civil Code § 51 states, in part, that: All persons within the

9    jurisdiction of this state are entitled to the full and equal accommodations, advantages,

10   facilities, privileges, or services in all business establishments of every kind whatsoever.

11       36.    California Civil Code § 51.5 also states, in part that: No business establishment

12   of any kind whatsoever shall discriminate against any person in this state because of the

13   disability of the person.

14       37.    California Civil Code § 51(f) specifically incorporates (by reference) an

15   individual's rights under the ADA into the Unruh Act.

16       38.    Defendants' aforementioned acts and omissions denied the physically disabled

17   public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges

18   and services in a business establishment (because of their physical disability).

19       39.    These acts and omissions (including the ones that violate the ADA) denied,

20   aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

21       40.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

22   minimum damages of $4,000 for each offense.

23       41.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

24   ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

25   § 52(a).

26                             **VIII. THIRD CLAIM**

27                **Denial of Full and Equal Access to Public Facilities**

28       42.    Plaintiff re-pleads and incorporates by reference the allegations contained in

*Hernandez v. Baja Cactus Milpitas, Inc., et al.*
Complaint

1   each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

2        43.   Health and Safety Code § 19955(a) states, in part, that: California public

3   accommodations or facilities (built with private funds) shall adhere to the provisions of

4   Government Code § 4450.

5        44.   Health and Safety Code § 19959 states, in part, that: Every existing (non-

6   exempt) public accommodation constructed prior to July 1, 1970, which is altered or

7   structurally repaired, is required to comply with this chapter.

8        45.   Plaintiff alleges the Facility is a public accommodation constructed, altered, or

9   repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code

10  § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

11       46.   Defendants' non-compliance with these requirements at the Facility aggrieved

12  (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

13  Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### IX.   PRAYER FOR RELIEF

15  WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

16  1.   Injunctive relief, preventive relief, or any other relief the Court deems proper.

17  2.   Statutory minimum damages under section 52(a) of the California Civil Code

18       according to proof.

19  3.   Attorneys' fees, litigation expenses, and costs of suit.[2]

20  4.   Interest at the legal rate from the date of the filing of this action.

21  5.   For such other and further relief as the Court deems proper.

Dated: 09/19/2019           MOORE LAW FIRM, P.C.

*/s/ Tanya E. Moore*
Tanya E. Moore
Attorney for Plaintiff
Gerardo Hernandez

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Hernandez v. Baja Cactus Milpitas, Inc., et al.*
Complaint

1

2

## **VERIFICATION**

3

4      I, GERARDO HERNANDEZ, am the plaintiff in the above-entitled action. I have read

5   the foregoing Complaint and know the contents thereof. The same is true of my own

6   knowledge, except as to those matters which are therein alleged on information and belief, and

as to those matters, I believe them to be true.

7      I verify under penalty of perjury that the foregoing is true and correct.

8

9

10

Dated:   9/19/2019                              */s/ Gerardo Hernandez*

11                                              Gerardo Hernandez

12

13      I attest that the original signature of the person whose electronic signature is shown
above is maintained by me, and that his concurrence in the filing of this document and
14   attribution of his signature was obtained.

15                                              */s/ Tanya E. Moore*

16                                              Tanya E. Moore
                                               Attorney for Plaintiff,
17                                              GERARDO HERNANDEZ

18

19

20

21

22

23

24

25

26

27

28

*Hernandez v. Baja Cactus Milpitas, Inc., et al.*
Complaint